**CV-07 4798**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 16 2007 ★

LONG ISLAND OFFICE

WEXLER, J.
LINDSAY, M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Michael Calvo

**Plaintiff**

-against-

First Revenue Assurance, LLC

**Defendant**

---

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendant because the Defendant debt collector telephoned the Plaintiff's father and discussed with Plaintiff's father a debt alleged to be owed by Plaintiff. Such third party disclosure is directly prohibited by Federal law, and the Plaintiff suffered actual damages because of such violation.

2.  According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even

   where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202, and New York State law. Injunctive relief is available pursuant to New York State law. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff, Michael Calvo is a natural person residing in Suffolk County, New York.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692(a)(3).

6. Defendant, First Revenue Assurance, LLC ( First Revenue) is an active foreign corporation registered to do business in New York, with its principal place of business located in Colorado. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The alleged debt of Plaintiff was incurred for personal, family, or household services.

## IV. FACTUAL ALLEGATIONS

9. On or about October 30, 2007, the Defendant telephoned the home of the Plaintiff's father.

10. The Plaintiff's father spoke with the Defendant.

11. The Defendant informed the Plaintiff's father that the Plaintiff owed a debt in the amount of approximately $180.00 to Sprint for a cellular telephone bill.

12. The Defendant informed Plaintiff's father that the debt was in default and was being collected by the Defendant.

13. The Defendant informed the Plaintiff's father that Defendant was a debt collector.

14. The Defendant instructed Plaintiff's father to have the Plaintiff call them as soon as possible.

15. Following the first phone call with the Defendant, Plaintiff's father confronted Plaintiff about the alleged debt.

16. Plaintiff's father was very upset that the Plaintiff had a debt that was in the hands of a debt collector.

17. Plaintiff's father was angry at the Plaintiff, and confronted him.

18. Plaintiff was angry, embarrassed, humiliated and ashamed that his father had learned about the alleged debt to Sprint.

19. Plaintiff's father indicated to Plaintiff that Plaintiff was financially irresponsible, and as such Plaintiff's father would not transfer the family business to Plaintiff.

20. Plaintiff explained to Plaintiff's father that this was a minor debt that the Plaintiff disputed.

21. Plaintiff and Plaintiff's father had an intense argument.

22. The Plaintiff immediately telephoned the Defendant.

23. Plaintiff asked the Defendant why they had disclosed the existence of this debt to the Plaintiff's father.

24. The Defendant informed the Plaintiff that he need not worry about that issue, and that he needs to focus on how he is going to pay the debt.

25. The Plaintiff informed the Defendant that the disclosure had caused serious ramifications, and that he wanted to know why Defendant disclosed this private information.

26. The Defendant then taunted the Plaintiff by telling him that there is no way for the Plaintiff to prove that the Defendant disclosed the private information.

27. The Defendant informed the Plaintiff that it was "their word against his."

28. When the Plaintiff insisted on discussing Defendant's illegal third party disclosure, the Defendant insulted the Plaintiff stating that Plaintiff was just like every "New Yorker." He stated that all New Yorkers have attitudes.

29. The Defendant than instructed the Plaintiff to put an "adult" on the line. Defendant stated that he no longer wanted to speak to someone like the Plaintiff.

30. The Plaintiff demanded that the Defendant not call the Plaintiff any more.

31. Without the Plaintiff's consent, the Plaintiff's father paid the alleged debt.

32. Following the payment of the alleged debt, the Defendant then called the Plaintiff's residence two different times.

33. The Defendant made such calls for the sole purpose of harassing the Plaintiff.

## V. CAUSES OF ACTION UNDER THE FDCPA

34. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

35. Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse a person in connection with the collection of a debt.

36. Defendants violated 15 U.S.C. 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse Plaintiff.

37. Defendants violated 15 U.S.C. 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38. Defendants violated 15 U.S.C. 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

39. Defendants violated 15 U.S.C. 1692e and 15 U.S.C. 1692 e(10) by using false, deceptive, and misleading representations and/or means in connection with the collection of a debt.

40. Defendants violated 15 USC 1692e (11) by failing to state that Defendant was a debt collector during telephone calls to the Plaintiffs.

41. Defendant violated 15 USC 1692b (2) by informing third parties that Plaintiff owed a debt.

42. Defendant violated 15 USC 1692 c (b) by communicating with third parties in connection with collection of the alleged debt.

43. Defendant violated 15 USC 1692 c (a)(1) by communicating with the Plaintiff at a time and/or place which the Defendant knew was inconvenient for Plaintiff.

44. Defendant violated 15 USC 1692 f by engaging in unfair and unconscionable means in an attempt to collect a debt.

## VI. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING TRAINING RENTENTION AND SUPERVISION AGAINST DEFENDANT

45. Plaintiffs repeat and re-allege and incorporates by reference to the foregoing paragraphs.

46. Defendant's conduct constitutes a misdemeanor under New York General Business Law Sections 600 and 601.

47. Defendant has been sued for abusive and deceptive debt collection practices approximately 50 times in Federal Court.

48. Defendant was negligent in the hiring, retention, training, and/or supervision of its employees. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

49. The actions and omissions of Defendant as described herein constitute grossly negligent hiring, retention, training, and/or supervision in that Defendant owed Plaintiff a duty to hire, retain, train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and defendant's actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs. The actions of Defendant were willful, malicious, and wanton. The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

50. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VII. DAMAGES

51. Because of the acts and omissions of Defendants as herein described, the Plaintiff has suffered family discord; mental anxiety; emotional suffering; financial loss; humiliation; and embarrassment. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and litigation attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

52. As a result of Defendant's willful and malicious nature of Defendants' actions and as a result of their extreme wanton disregard for Plaintiff's rights; the Plaintiff is entitled to punitive damages from Defendant.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

A. Injunctive relief prohibiting the Defendant from contacting the Plaintiffs via telephone;

B. Actual damages pursuant to the FDCPA and common law claims;

C. Statutory damages pursuant to the FDCPA;

D. Costs and reasonable attorney's fees pursuant to the FDCPA;

E. Punitive damages pursuant to the state common law claims;

F. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
631 Montauk Hwy. Ste. 6
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro